UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL D. ARNOLD, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:22-cv-01572-JPH-MKK |
| STEVE MILLER, et al. | ) |
|         Defendants. | ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
AND SCREENING COMPLAINT**

Plaintiff, Paul Arnold, claims he was mistreated in violation of Title VII while working at a Kroger grocery store. Defendant, Kroger Limited Partnership I,[1] has filed a motion to dismiss, arguing that Mr. Arnold did not exhaust his administrative remedies and failed to adequately state a claim. Dkt. [6]. For the reasons below, that motion is **DENIED**. However, the Court screens the balance of Mr. Arnold's complaint and orders him to **SHOW CAUSE** why the claims against the employee Defendants should not be dismissed.

**I.
Facts and Background**

Because Kroger has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

---

[1] The Defendant was identified in the Complaint as "The Kroger Grocery Store Company," dkt. 1 at 4, but the name of the corporation is Kroger Limited Partnership I, dkt. 7 at 1 n.1. The Clerk is **directed** to correct the name of the Defendant.

1

Mr. Arnold started working at an Indianapolis-area Kroger grocery store in February 2020 and was eventually assigned to the deli. Dkt. 1 at 5. He found the "mistreatment" there "unbearable" because his boss, Defendant Steve Miller, would "ask for the girls to be removed" and then "browbeat," "vilify," and "dehumanize" him. *Id.* Mr. Arnold asked the senior manager, Defendant Michael B., if "there was anything that could be done" about the situation, but he refused to help. *Id.* "On the day that [Mr. Arnold] walked out," Mr. Miller followed him and said he was "going . . . to make sure that [Mr. Arnold] could never work for the Kroger company again." *Id.*

Mr. Arnold filed this complaint, claiming that this treatment violated Title VII of the Civil Rights Act of 1964. *Id.* at 2. Shortly thereafter, Kroger filed a motion to dismiss. Dkt. 6. Mr. Arnold filed a "Motion to Continue with Case after Motion to Dismiss," dkt. 14, and then submitted an additional filing, containing more information and his EEOC right-to-sue letter, dkt. 16.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." Additionally, the Court has the inherent authority to screen Mr. Arnold's complaint, applying the same standard. *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

To survive a Rule 12(b)(6) motion to dismiss (and to survive screening), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion (and, when handling screening), the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III.
### Analysis

**A. Title VII Claim against Kroger**

    **1. Exhaustion**

Title VII makes it unlawful for employers to "discriminate against any individual" because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before bringing a Title VII lawsuit, an employee must exhaust his administrative remedies by filing charges with the EEOC and receiving a right-to-sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)).

A plaintiff must file his federal lawsuit within ninety days after receipt of the letter. 42 U.S.C. § 2000e-5(f)(1).

Kroger argues that, since Mr. Arnold's complaint did not reference his charge of discrimination or his right-to-sue letter, this case should be dismissed. Dkt. 7 at 3–4. Mr. Arnold responds that, even though he didn't reference his right-to-sue letter in his complaint, he did complete the EEOC's administrative process. Dkt. 16 at 1. He attached his right-to-sue letter to his opposition brief. Dkt. 16-1 at 1.

A defendant may raise a plaintiff's lack of a right-to-sue letter as an affirmative defense. *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001); *see* Fed. R. Civ. P. 8(c). Kroger's attempt to dismiss Mr. Arnold's claim on this ground was therefore premature. *See Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) ("[T]he appropriate vehicle for resolving an affirmative defense is a motion for judgment on the pleadings under Rule 12(c), not a Rule 12(b)(6) motion."); *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022) (noting it's "rare" for a plaintiff to plead himself out of court by including facts that "establish an impenetrable defense to its claims").

Kroger insists that Mr. Arnold's failure to allege in his complaint that he filed an EEOC charge means his case should be dismissed. Dkt. 7 at 3–4. It cites Federal Rule of Civil Procedure 9(c), which requires that a plaintiff plead "all conditions precedent have occurred or been performed." *Id.* While Kroger cites two district court cases from Wisconsin in support of this theory, *see id.*, the Court is not persuaded to deviate from well-established Seventh Circuit

4

caselaw, which treats deficiencies associated with exhausting administrative remedies in Title VII cases as an affirmative defense, best handled under a Rule 12(c) motion, *see, e.g.*, *Worth*, 276 F.3d at 259.

### 2. Failure to State a Claim

Kroger argues that Mr. Arnold's claim should be dismissed because he failed to specify whether he belongs to any protected class and that he was treated unlawfully because of that class. Dkt. 7 at 5. Mr. Arnold responds that he—a male—was subject to verbal harassment, while his female colleagues were not. Dkt. 16 at 1.

The Court understands Mr. Arnold as bringing a hostile work environment sex discrimination claim, which arises "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Scaife v. U.S. Dep't of Veterans Affs.*, 49 F.4th 1109, 1115 (7th Cir. 2022) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). At the pleading stage for this claim, all a plaintiff must allege is that "(1) []he was subject to unwelcome harassment; (2) the harassment was based on [sex]; (3) the harassment was sufficiently severe or pervasive, both subjectively and objectively, so as to alter the conditions of h[is] employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability." *Brooks v. Avancez*, 39 F.4th 424, 441 (7th Cir. 2022).

Mr. Arnold's complaint is sufficient to give Kroger notice of the alleged harassment. In Title VII cases, "the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *see Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (calling pleading requirements for Title VII claims "undemanding"). In addition, "the pleading standards for *pro se* plaintiffs are considerably relaxed." *Luevano*, 722 F.3d at 1027. By alleging that he was subject to verbal harassment, naming the alleged harasser, and contending that he was treated differently than his female coworkers, he has pleaded sufficient facts to allow the Court to consider whether his complaint sets out a *prima facie* claim of hostile work environment. *See* dkt. 1 at 5.

Mr. Arnold has also sufficiently pleaded that the verbal harassment was based on his being male. "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (quoting *Harris*, 510 U.S. at 25 (Ginsburg, J., concurring)). Mr. Arnold contends that he—and not his female colleagues—were subject to verbal harassment. Dkt. 1 at 5. He has therefore sufficiently alleged that he has been "exposed to disadvantageous terms or conditions of employment," while coworkers of the other sex were not. *See Oncale*, 523 U.S. at 80. Even if there was nothing overtly sexual in the alleged verbal harassment, the exclusion of Mr. Arnold's

6

female colleagues is sufficient, at this stage, to create an inference that the abuse was related to his sex. *See Cole v. Bd. of Trustees of N. Ill. Univ.*, 838 F.3d 888, 896 (7th Cir. 2016).

Mr. Arnold has also alleged that the harassment was severe or pervasive enough to create a hostile or abusive working environment. "[I]t is premature at the pleadings stage to conclude just how abusive [Mr. Arnold's] work environment was." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). Instead, Mr. Arnold's task is to plausibly allege harassment that is severe or pervasive. *See Chalmers v. Quaker Oats Co.*, 61 F.3d 1340, 1345 (7th Cir. 1995) ("[S]poradic behavior, if sufficiently abusive, may support a Title VII claim."). In his complaint, he stated that "every few weeks," he was subject to verbal abuse. Dkt. 1 at 5. He went to the senior manager, Michael B., to see if anything could be done to stop it. *Id.* When it became "unbearable," he "walked out of the store." *Id.* That is sufficient at this point.

Finally, because the Complaint alleges misconduct by Mr. Arnold's supervisors rather than co-workers, there is a plausible basis for employer liability. *See Parkins v. Civ. Constructors of Ill., Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998). "When a supervisor is the harasser, the employer is strictly liable for his or her conduct, subject to any affirmative defenses that may preclude its liability." *McPherson v. City of Waukegan*, 379 F.3d 430, 439 (7th Cir. 2004) (citing *Parkins*, 163 F.3d at 1032). Here, the alleged verbal abuser, Steve Miller, and the individual who allegedly refused to help, Michael B., are both

7

Kroger managers. Dkt. 1 at 4. Since they are supervisors, there is a plausible basis for employer liability.

The "pleading standards in Title VII cases are, of course, different from the evidentiary burden a plaintiff must subsequently meet." *Huri*, 804 F.3d at 834. In other words, the Court's ruling on Kroger's motion to dismiss has no bearing on whether Mr. Arnold may be able to designate evidence sufficient to support his claim. But at this juncture, Mr. Arnold has sufficiently pleaded a hostile work environment claim so Kroger's motion must be **DENIED**.

### B. Title VII Claim against Steve Miller and Michael B.

The remainder of Mr. Arnold's complaint is screened under this Court's inherent authority. *See Rowe*, 196 F.3d at 783. Title VII prohibits employers from discriminating against certain classes of people, 42 U.S.C. § 2000e-2(a)(1), and defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person," *id.* § 2000e(b). The Seventh Circuit has held that "Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable." *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (citing *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995)). Said another way, if a supervisor engaged in discriminatory employment practices in their official capacity, only the supervisor's employer will be liable. *Graham v. Healthplex*, No. 1:19-cv-04120-JRS-MJD, 2020 WL 3510808, at *2 (S.D. Ind. June 29, 2020).

Mr. Arnold claims he was "vilif[ied]" and "dehumanize[d]" at work by Kroger managers Steve Miller and Michael B.  But Title VII only authorizes suit against employers—not against the individual supervisors alleged to have engaged in the discriminatory conduct in the course of their employment.  It therefore appears that Mr. Arnold can "state no set of facts which would enable h[im] to recover under the statute."  *Williams*, 72 F.3d at 555.

## IV.
## Conclusion

Defendant's motion to dismiss, dkt. [6], is **DENIED**.  However, Mr. Arnold **SHALL SHOW CAUSE** by **February 8, 2023,** why his claims against Steve Miller and Michael B. should not be dismissed because they are not employers under Title VII.

Additionally, the **Clerk is DIRECTED** to update the name of Defendant "The Kroger Grocery Store Company," to "Kroger Limited Partnership I."

**SO ORDERED.**

Date: 1/11/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-Registered Counsel of Record

PAUL D. ARNOLD
8721 Lemode Court
Apt. A
Indianapolis, IN 46268

9